15-526
*United States of America v. Francisco Illarramendi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
     RICHARD C. WESLEY,
       *Circuit Judges*,
     BRENDA K. SANNES,*
       *District Judge*.

---

UNITED STATES OF AMERICA,

       *Appellee*,

   -v.-              No. 15-526

FRANCISCO ILLARRAMENDI,

       *Defendant-Appellant*.

---

* The Honorable Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:       Ryan Thomas Truskoski, Harwinton, CT.

 FOR APPELLEE:                  Richard J. Schechter, Marc H. Silverman, *for* Michael Gustafson, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the District Court is

AFFIRMED.

Defendant-Appellant Francisco Illarramendi ("Illarramendi") challenges

the substantive and procedural reasonableness of the sentence that he received

after pleading guilty to five felony offenses in connection with his involvement of

a fraudulent Ponzi scheme that caused numerous victims to lose hundreds of

millions of dollars.  We assume the parties' familiarity with the underlying facts,

procedural history of the case, and issues on appeal.

Appellate review of a challenged sentence is limited to "reasonableness."

*United States v. Booker*, 543 U.S. 220, 261–64 (2005).  This standard applies to both

2

the "the sentence itself" and to "the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We reverse a district court's sentencing determination for substantive reasonableness "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

At sentencing, the District Court found three pieces of evidence that pointed toward a loss amount in excess of $200 million. *First*, a court-appointed Receiver from a parallel SEC action calculated the victims' losses at more than $380 million. *Second*, during sworn testimony in the SEC action, Illarramendi confirmed a loss estimate exceeding $300 million. *Third*, during the underlying SEC investigation, Illarramendi created a fictitious asset verification letter that falsely represented that one of his funds had at least $275 million in credits.

Despite this evidence, the District Court cautiously determined that it was difficult to determine the amount of investor loss. Instead, the District Court relied on Illarramendi's gains from his fraudulent scheme, which totaled over $20 million, to calculate a Guidelines range of 188–235 months' imprisonment. The District Court then chose, as authorized in such instances by U.S.S.G. § 2B1.1

cmt 3(B), to impose what was effectively a below-Guidelines sentence of 156 months' imprisonment.

We have considered Illarramendi's remaining arguments and find them to be without merit. Nothing about the District Court's sentencing determination was either procedurally or substantively unreasonable. Accordingly, we AFFIRM.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk